William J. Macke, OSB #091793
Macke Law Offices
2455 NW Marshall St., Ste. 6
Portland, OR 97210
Tel: (503) 282-0863
Fax: (503) 886-8918
Email: will@mackefrazier.com

      Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **DAMIAN EARLEY**<br><br>      Plaintiff(s),<br><br>      **v.**<br><br>**UNITED STATES FEDERAL BUREAU OF PRISONS; and PIONEER HUMAN SERVICES,**<br><br>      Defendant(s). | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

PLAINTIFF through counsel William J. Macke, hereby alleges:

1.

Plaintiff was an inmate at Sheridan Federal Penitentiary when he suffered bucket handle and ACL tears of his left knee on or about November 20, 2019.

2.

Defendant United States Federal Bureau of Prisons (hereinafter "BOP") owed Plaintiff the duty of reasonable care to make referrals for diagnosis and treatment of his knee injuries.

3.

BOP delayed care and treatment until Plaintiff was transferred to Defendant Pioneer

1 - COMPLAINT

Human Services (hereinafter "Pioneer") in Spokane, Washington in April 2020.

4.

On or about June 4, 2020, Plaintiff submitted an Inmate Request to Staff (hereinafter "Request") form indicating he needed urgent medical treatment related to the knee injury he suffered more than six months prior, as he still had not received an evaluation from an orthopedic surgeon.  It was at this time that Plaintiff reasonably discovered his injuries due to delay in treatment.

5.

Plaintiff did not receive surgery until August 18, 2020 at Providence hospital in Spokane, Washington.

## 1st Claim for Relief – Negligence

### (BOP)

6.

Defendant BOP was negligent in one or more of the following particulars:

a.   By failing to obtain a referral for Plaintiff to an orthopedic surgeon and schedule surgery prior to his transfer to Pioneer;

b.  This negligent delay caused Plaintiff permanent injuries including ongoing weakness and stiffness in his left knee due to the prolonged period when he lacked full functionality, strength and flexibility of his left knee.

## 2nd Claim for Relief – Negligence

### (Pioneer)

7.

Defendant Pioneer was negligent in one or more of the following particulars:

Defendant BOP was negligent in one or more of the following particulars:

2  -  COMPLAINT

a. By failing to obtain a timely exchange of my historic medical records following a referral for Plaintiff to an orthopedic surgeon;

b. This negligent delay caused Plaintiff permanent injuries including ongoing weakness and stiffness in his left knee due to the prolonged period when he lacked full functionality, strength and flexibility of his left knee.

**For All Claims**

8.

For all claims, Plaintiff seeks economic damages in the sum of $400,000 for past and future medical treatment, and $500,000 in non-economic damages for pain, suffering and permanent impairment.

9.

Plaintiff exhausted his administrative remedies by filing grievances regarding delay and denial of necessary medical care as alleged above and by filing a tort claim notice with BOP on or about January 18, 2022 and again on May 11, 2022. Plaintiff previously filed suit in the United Sates District Court of Oregon and those claims were dismissed as to BOP on exhaustion requirements and as to Pioneer on the basis that the Court determined Oregon did not have jurisdiction over the Washington corporation.

///

///

///

///

///

///

///

3 - COMPLAINT

*///*

**WHEREFORE Plaintiff prays for relief as follows:**

1) Judgment against Defendants in the amount of $900,000 together with interest, at the rate of 9% per annum, from the date of Judgment until paid;

2) Prevailing party fees;

3) Plaintiff's costs and disbursements incurred herein; and

4) Injunctive relief in the form of access to necessary medical care.

For such other relief as the Court deems just and equitable.

Dated:  May 19, 2023,

*/s/ William J. Macke*

William J. Macke, OSB # 091793
Macke Law Offices LLC
will@mackefrazier.com
*Of Attorneys for Plaintiff*

.