UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAMIAN EARLEY,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES of AMERICA and PIONEER HUMAN SERVICES,<br><br>                  Defendants. | NO. 2:23-CV-0152-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant United States of America's Motion to Dismiss (ECF No. 16). The matter was submitted for consideration with telephonic oral argument on March 6, 2024. AUSA Molly Smith and Law Clerk Katelyn Fessenden appeared on behalf of Defendant United States of America. Attorney Guy Keating appeared on behalf of Defendant Pioneer Human Services. Attorney William Macke appeared on behalf of Plaintiff Damian Early. The Court has reviewed the record and the files therein, and the parties' arguments and is

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

fully informed. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint. *See* ECF No. 13; *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (On a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party.").

Plaintiff was an inmate at The Federal Correctional Institution, Sheridan (FCI Sheridan), an Oregon detention facility. ECF No. 13 at 1, ¶ 1. On November 20, 2019, while incarcerated, Plaintiff suffered bucket handle and anterior cruciate ligament (ACL) tears of his left knee. *Id.* Plaintiff's injuries were confirmed by magnetic resonance imaging (MRI) on January 8, 2020. ECF No. 20 at 1-2. In April 2020, the Bureau of Prisons (BOP) transferred Plaintiff to Pioneer Human Services (Pioneer), a residential reentry facility in Spokane, Washington. ECF Nos. 13 at 1-2, ¶ 3; 18-3 at 7.

On June 4, 2020, two months after his transfer to Pioneer, Plaintiff submitted an Inmate Request to Staff indicating he needed urgent medical treatment for his injured knee. ECF No. 13 at 3, ¶ 4. Plaintiff alleges that this time was when he "first became concerned that the delay [in receiving treatment] might result in

1  complications to the ACL tear and possibly permanent or long last injury." ECF
2  No. 21 at 1, ¶ 4.  Plaintiff did not receive treatment until two months later, on
3  August 18, 2020, at a hospital in Spokane, Washington.  ECF No. 13 at 2, ¶ 5.

4        Approximately two years after receiving surgery, on May 11, 2022, BOP
5  received an SF-95 administrative tort claim from Plaintiff.  ECF No. 17 at 2, ¶ 4.
6  In the form, Plaintiff stated that his date of injury was January 8, 2020.  ECF No.
7  17-1 at 1.  On June 9, 2022, BOP denied Plaintiff's administrative tort claim, citing
8  his failure to file within the two-year claim presentment deadline required under
9  the FTCA.  ECF No. 18-2 at 1.  Plaintiff filed the instant suit[1] against the United
10 States and Pioneer under the Federal Tort Claims Act (FTCA) on May 19, 2023.
11 *See* ECF No. 1.

## DISCUSSION

13     Defendant United States brings this motion to dismiss under Federal Rules
14 of Civil Procedure 12(b)(3) for improper venue and 12(b)(6) for failure to state a
15 claim.  Because the Court finds Defendant has successfully established that

---

18     [1] Plaintiff also filed a related lawsuit against the United States in the District
19 of Oregon, which was dismissed for failure to comply with the FTCA's six month
20 administrative exhaustion requirement on February 24, 2023.  ECF No. 18-4.

1  Plaintiff's claim fails under Rule 12(b)(6), it does not proceed to consider the

2  party's arguments under Rule 12(b)(3).

3      Defendant argues dismissal is appropriate under Rule 12(b)(6) because

4  Plaintiff's claim is precluded by the FTCA's two-year statute of limitations.  ECF

5  No. 16.  Plaintiff responds that he did not become "aware of his injury [until] he

6  requested an 'urgent' appointment with an orthopedic surgeon on June 4, 2020"

7  and that "[t]he injury alleged in the complaint is not the initial ACL tear which

8  occurred on November 20, 2019, but rather the delay in treatment which Plaintiff

9  feared as of June 2020, [and which] may have *caused* some further and possibly

10  permanent injury."  ECF No. 2020 at 1 (emphasis in original).

11      "As sovereign, the United States 'can be sued only to the extent that it has

12  waived its immunity' from suit."  *O'Toole v. United States*, 295 F.3d 1029, 1033

13  (9th Cir. 2002) (quoting *United States v. Orleans*, 425 U.S. 807, 814 (1976)).  The

14  FTCA waives the United States' immunity and provides governmental liability for

15  "personal injury or death caused by the negligent or wrongful act or omission of

16  any employee of the Government while acting within the scope of his office or

17  employment."  28 U.S.C. § 1346(b).  The FTCA contains a two-year statute of

18  limitations, and a claim is "forever barred unless it is presented in writing to the

19  appropriate Federal agency within two years after such claim accrues."  28 U.S.C.

20  § 2401(b).  A claim accrues under the FTCA "when the plaintiff discovers, or in

the exercise of reasonable diligence should have discovered, the injury and its cause." *Landreth By & Through Ore v. United States*, 850 F.2d 532, 534 (9th Cir. 1988). Failure to present a claim within two years is a jurisdictional defect. *Id.* at 533.

Plaintiff's allegation that his injury did not accrue until June 2020 is belied by the SF-95 form and his own amended complaint. As stated, the SF-95 form filled out by Plaintiff lists the injury as January 8, 2020. ECF No. 17-1 at 1. Accepting this information as true, Plaintiff's administrative tort claim was filed four months past the two-year deadline, which would have been January 8, 2022. Even if the Court were to ignore this admission and rely exclusively on Plaintiff's amended complaint, which alleges that the injury was the delay in treatment, the pleadings do not make it clear that the injury accrued in June or July 2020 as Plaintiff argues in his responsive briefing. *See* ECF No. 13. Instead, Plaintiff's amended complaint asserts that "BOP delayed care and treatment *until* Plaintiff was transferred to [Pioneer] in . . . April 2020," *id.* at 1-2, ¶ 3 (emphasis added), and that BOP was negligent in "failing to obtain a referral for Plaintiff to an orthopedic surgeon and schedule surgery *prior* to his transfer to Pioneer," *id.* at 2, ¶ 4 (emphasis added). Reading the complaint in the light most favorable to Plaintiff, the injury accrued in April 2020, at which time BOP transferred custody of Plaintiff to Pioneer without having resolved his medical issues. Accordingly,

1  Plaintiff's lawsuit, which was filed in May 2023, did not fall within the two-year

2  statute of limitations prescribed by the FTCA.  Because it is apparent that this

3  jurisdictional defect cannot be cured by an amended pleading, the claim against

4  Defendant United States is dismissed without leave to amend.  *See Schreiber*

5  *Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)

6  ("If a complaint is dismissed for failure to state a claim, leave to amend should be

7  granted unless the court determines that the allegation of other facts consistent with

8  the challenged pleading could not possibly cure the deficiency.").

9      Plaintiff's amended complaint did not supply a specific basis for federal

10 jurisdiction over the claim against Defendant Pioneer.  Presumably, the Court had

11 federal question jurisdiction over Plaintiff's claim against the United States under

12 the FTCA and supplemental jurisdiction over the claim against Pioneer.  *See* 28

13 U.S.C. §§ 1331; 1367(a).  Based on the pleadings, it appears that Pioneer is a

14 Washington company and that Plaintiff's claim(s) against Pioneer arise under state

15 negligence law.  ECF No. 13 at 2-3.  Accordingly, the Court dismisses the claim

16 against Pioneer for lack of jurisdiction, with leave to amend.  *See* 28 U.S.C. §

17 1367(c)(3) (allowing the court to decline to exercise supplemental jurisdiction if

18 the court "has dismissed all claims over which it has original jurisdiction").

19 //

20 //

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant United States' Motion to Dismiss (ECF No. 16) is **GRANTED**. Plaintiff's claim against United States is **DISMISSED WITH PREJUDICE**.

2. Plaintiff's claim against Defendant Pioneer Human Services is **DISMISSED WITHOUT PREJUDICE**.

The District Court Executive is directed to enter this Order and furnish copies to counsel, and **CLOSE** the file.

DATED March 6, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7